```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

GIZELLE ROSS, AS ADMINISTRATRIX
OF THE MINOR CHILD, JAHIRES JAMES                CIVIL ACTION

V.                                               NO. 17-139

USA FOOTBALL, INC., ET AL.                       SECTION "F"

## ORDER AND REASONS

Before the Court is the plaintiff's motion to remand. For the following reasons, the motion is GRANTED.

### Background

This personal injury lawsuit involves a minor child.

Jahires James, a child, attended a football camp sponsored by USA Football, Inc. One of the coaches at the camp allegedly parked his personal vehicle near one of the end zones of the football field used at the camp. While participating in the camp, the plaintiff attempted to catch a pass and ran into the vehicle that one of the coaches had allegedly negligently parked.

The child's mother, Gizelle Ross, sued the vehicle's owner, whose name is still unknown but whom the plaintiff speculates is likely a Louisiana domiciliary, and the vehicle owner's insurer. Additionally, the plaintiff named USA Football, Inc., the owner of the football camp program, and its insurer, Chubb National Insurance Company, as defendants.

The minor suffered cervical and lumbar spine sprain and full disability, as well as lacerations to his arms. The plaintiff seeks

1


damages for past, present, and future medical and medication expenses, past, present and future pain and suffering, psychiatric and psychological damage and emotional distress.

USA Football, Inc. removed the plaintiff's state court lawsuit to this Court based on diversity jurisdiction. The plaintiff now moves the Court to remand the lawsuit to state court, contending that Chubb did not consent to removal as required under 28 U.S.C. § 1446(b)(2)(A).

I.

A defendant may remove an action from state court to federal court, provided the action is one in which the federal court may exercise original jurisdiction. 28 U.S.C. § 1441(a); Manguno v. Prudential Property and Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002). The removing defendant bears the burden of ensuring compliance with the procedural requirements of removal. Manguno, 276 F.3d at 723. The removal statutes are strictly construed in favor of remand. Id.

The Fifth Circuit has long held that all properly joined and served defendants must join in the notice of removal or otherwise consent to removal within the 30 day period set forth in 28 U.S.C. § 1446(b). Getty Oil Corp., Div. of Texaco, Inc. v. Insurance Co. of North America, 841 F.2d 1254, 1262 (5th Cir. 1988); Brown v. Demco, Inc., 792 F.2d 478, 481 (5th Cir. 1986); Davis v. City of Shreveport Police Dept., No. 12-0918, 2012 WL 4189511, *2 (W.D.


La. Sept. 18, 2012). While each defendant need not sign the notice of removal, there must be "some timely filed written indication from each served defendant, or from some person or entity purporting to formally act on its behalf in this respect and to have the authority to do so, that it has actually consented to such action." Gillis v. Louisiana, 294 F.3d 755, 759 (5th Cir. 2002). While some circuits dispute when the 30-day period for consent begins to run in cases involving multiple defendants, the Fifth Circuit has made it clear that all served defendants must join in or consent to removal within thirty days after the first defendant is served. Getty Oil, 841 F.2d at 1263. "Failure to comply with the thirty-day time limitation or with the unanimity requirement renders the removal procedurally defective." Jones v. Scogin, 929 F. Supp. 987, 988 (W.D. La. 1996).

II.

The issue before the Court is whether Chubb's consent to removal, given to USA Football within 30 days of USA Football being served, but filed into the record more than 30 days after its service, is defective. Aside from establishing that the 30-day time frame runs from when the first defendant is served, the Fifth Circuit also makes it clear that the removing defendant must do more than merely state that another served defendant consents to removal in its notice of removal filed in federal court. Getty Oil, 841 F.2d at 1262, n. 11; Jones, 929 F. Supp. at 988; Thompson

3

<u>v. Louisville Ladder Corp.</u>, 835 F. Supp. 336, 337, n. 3 (E.D. Tex. 1993).

Here, USA Football was served with the plaintiff's state court petition on or about December 13, 2016; Chubb National Insurance Company was served on December 21, 2016. USA Football filed its notice of removal in this Court on January 6, 2017. In its notice of removal, USA Football states that Chubb consented to the removal; however, USA Football did not enter any written consent into the record reflecting Chubb's consent to removal with its Notice of Removal.[1]

On January 18, 2017, the plaintiff filed this motion to remand on the basis that not all served defendants consented to removal. In response, USA Football filed an opposition on January 24, 2017; attached to the opposition was an affidavit from Kathleen Mulucci, counsel for Chubb. While counsel declared that Chubb consented to removal on December 29, 2017, within 30 days of USA Football's service of process, the affidavit was dated January 20, 2017 and filed into the record on January 24, 2017. The dates of the sworn testimony asserting consent and the document entered into the record confirming the same were both more than 30 days after USA Football's initial service on December 13, 2017.

---

[1] At the time of filing its notice of removal, the remaining two defendants still had not been served. USA Football was not required to express whether the unserved defendants consented to removal.

III.

Accordingly, the record did not indicate written consent from a served defendant within 30 days of the first defendant's service of process. The defendants failed to properly effect removal of a state court lawsuit to this Court.

IT IS ORDERED that the plaintiff's motion to remand is GRANTED and the case is REMANDED to the 24th Judicial District for the Parish of Jefferson, State of Louisiana.


New Orleans, Louisiana, February 22, 2017

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

5